**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.    CASE NO. 3:09-cr-51(S1)-J-34HTS

BRANDDIE RAYNAL CAMPBELL

### ORDER REVOKING CONDITIONS OF RELEASE

This cause came on to be heard on September 15, 2009, for Defendant to show cause why her bond should not be revoked or modified in view of a Notice of Apparent Violation from the Pretrial Services Office dated September 9, 2009. At the hearing, Defendant admitted violating the Order Setting Conditions of Release (Doc. #75; Release Order), entered on February 27, 2009, as modified by the Order (Doc. #102), entered on June 15, 2009, by violating her curfew on June 26, July 2 and July 14, 2009. On July 9, 2009, she failed to report for urinalysis testing as directed. Further, Defendant untruthfully informed the Pretrial Services officer that she would be working at Atlantic Furniture on August 3 through August 5, 2009, from noon until 6:00 p.m. On August 21, August 28, and September 3, 2009, Defendant failed to maintain an operative telephone. On September 5, 2009, Defendant falsely stated she would be working at Whataburger from 6:00 p.m. that evening until close at 1:30 a.m. Similarly, on September 7, 2009, she inaccurately reported she would work at that establishment from 5:00 p.m. until 10:00 p.m. that day.

Based on Ms. Campbell's admissions, and after having heard the positions of the parties and otherwise being fully advised in the premises, the Court finds Defendant has not complied with the conditions of release imposed by the Release Order, as modified. The

Court further finds it is unlikely Ms. Campbell will abide by any condition or combination of conditions of release that could be imposed.

Accordingly, it is

**ORDERED**:

1. The Release Order (Doc. #75), as modified, is **VACATED** and **SET ASIDE**.

2. The Secured Appearance Bond (Doc. #73), dated February 27, 2009, is **REVOKED** and **SET ASIDE.**

3. Defendant is ordered detained pending trial and is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:
Asst. U. S. Attorney (Savell)
William Charles Fletcher, Esquire
U.S. Pretrial
U.S. Marshal
Defendant